IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| VAN NES DEVELOPMENTS, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01099-STA-jay |
| | ) | |
| BROOKS CUSTOM APPLICATION, | ) | |
| LLC and PINNACLE | ) | |
| AGRICULTURAL DISTRIBUTION, | ) | |
| INC. d/b/a SANDERS | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ON DEFENDANTS' PARTIAL MOTIONS TO DISMISS**

Before the Court are Defendants' Brooks Custom Application, LLC ("Brooks") and Pinnacle Agricultural Distribution, Inc. d/b/a Sanders ("Pinnacle") Partial Motions to Dismiss. (ECF Nos. 7 & 8.) Plaintiff responded in opposition (ECF No. 20), to which Defendant Pinnacle replied. (ECF No. 26.) For the reasons discussed below, Defendant Brooks' Partial Motion to Dismiss is **DENIED** as moot, and Defendant Pinnacle's Partial Motion to Dismiss is **DENIED**.

BACKGROUND

**I.      Allegations of the Amended Complaint**

Plaintiff has operated an approximately 3,500-acre family farm in Chester, Henderson, and Madison counties of Western Tennessee for several years. (ECF No. 1-1 at p. 9.) In 2018, Plaintiff purchased fertilizer from Pinnacle for approximately $47,320.27 in preparation for its winter wheat crop. (*Id.*) As part of that cost, Pinnacle employed Brooks to spread the fertilizer on Plaintiff's land. (*Id.*) After Brooks spread the fertilizer, around April 17, 2018, Plaintiff

1

noticed dark and light green "striping" appearing in the wheat. (*Id.* at p. 9-10.) When Plaintiff harvested the crop in June, the dark green stripes were not able to be harvested and caused difficulty in harvesting the light green stripes, which caused a substantially lower yield of wheat than prior years and similarly situated farms. (*Id.* at 10.) Thereafter, Plaintiff followed common practice and planted a soybean crop. (*Id.*) To recover from the loss of winter wheat crop, Plaintiff increased the soybean seed input by ten percent from the previous year. (*Id.* at 11.) Plaintiff's soybean yield was also substantially less than prior years and similarly situated farms. (*Id.*)

## II.     Procedural Posture

Plaintiff filed this lawsuit on April 4, 2019, in the Chester County Chancery Court, alleging both Defendants were grossly negligent and Defendant Pinnacle breached its contract to spread the fertilizer. (ECF No. 1-1 at p. 1-7.) Plaintiff then filed its first amended complaint on May 3, 2019, adding a claim for ordinary negligence against both Defendants. (ECF No. 1-1 at p. 8-15.) Defendants removed the case to this Court on May 21, 2019. (ECF No. 1.) Defendants Brooks and Pinnacle filed nearly identical Partial Motions to Dismiss Plaintiff's claims for gross negligence, punitive damages, joint and several liability, and breach of contract on May 28, 2019. (ECF Nos. 7 & 8.) It should be noted that neither Defendant sought the dismissal of Plaintiff's negligence claims. The parties subsequently filed an Agreed Stipulation of Dismissal of Plaintiff's claims of gross negligence, punitive damages, and joint and several liability. (ECF No. 27.) Pursuant to this Court's Order on the Parties' Stipulation to Dismiss Plaintiff's claims for gross negligence, punitive damages, and joint and several liability, the only

remaining issue in Defendant Pinnacle's Partial Motion to Dismiss is Plaintiff's breach of contract claim.[1]  (ECF No. 28.)

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.

## ANALYSIS

The Court will first briefly address Pinnacle's argument that, under the Tennessee Rules of Civil Procedure, Plaintiff was required to attach a copy of the alleged contract.  The Court will

---

[1] Plaintiff never asserted a breach of contract claim against Defendant Brooks, so this Court's Order on the Parties' Stipulation is dispositive of Defendant Brooks' Partial Motion to Dismiss. (ECF No. 28.)

3

then address Defendant Pinnacle's argument that Plaintiff fails to state a claim for breach of contract.

I. **Federal Procedural Rule Applies**

As Defendants both acknowledged in their Partial Motions to Dismiss, this Court is sitting in diversity and must apply the substantive law of Tennessee but will apply federal procedural rules. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Tennessee Rule of Civil Procedure 10.03 requires, "whenever a claim… is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit." This is a procedural rule. Rule 8 of the Federal Rules of Civil Procedure ("FRCP") only requires that a pleading that states a claim for relief to include (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought…." Rule 8 of the FRCP controls.

II. **Breach of Contract Claim Survives**

Pinnacle argues that Plaintiff's breach of contract claim should be dismissed but not by attacking any of its essential elements. "In a breach of contract action, claimants must prove the existence of a valid and enforceable contract, a deficiency in the performance amounting to a breach, and damages caused by the breach." *Federal Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011). Plaintiff's First Amended Complaint alleges facts that, if accepted as true, indicate that by purchasing fertilizer from Pinnacle and hiring Pinnacle to spread the fertilizer, Plaintiff and Defendant Pinnacle had an implied contract for the purchase and spread of fertilizer "in a commercially reasonable manner." (ECF No. 1-1 at p. 9-11, 14.) Further, Plaintiff alleges facts that, if accepted as true, indicate said implied contract was breached when the fertilizer was

4

"mis-spread/mis-applied" by Brooks, and, finally, the breach caused Plaintiff to lose a substantial amount of the annual yield of winter wheat and soybeans. (*Id.*) Defendant does not challenge the sufficiency of these alleged facts in its Partial Motion to Dismiss.

Rather, Defendant Pinnacle argues that Plaintiff's breach of contract claim must be dismissed, because Plaintiff has attempted "to disguise a tortious claim behind a contractual mask."[2] (ECF No. 7-1 at p. 10.) Defendant contends that under the analysis provided in the unpublished Tennessee Court of Appeals decision in *Green v. Moore*, No. M2000-02035-COA-R3-CV, 2001 WL 1660828 at *3 (Tenn. Ct. App. Dec. 28, 2001), "the gravamen" of Plaintiff's breach of contract claim "sounds not in contract but in tort." (*Id.* at p. 11.) Defendant emphasizes that Plaintiff asserted "in support of its breach of contract action that Defendant was ***negligent*** in hiring a third party agent to spread the fertilizer." (ECF No. 26 at p. 4.) Defendant's arguments boil down to the contention that Plaintiff has improperly asserted both a breach of contract and negligence claim for the same set of alleged facts.

In opposition, Plaintiff argues that its "contract claim against Pinnacle . . . is completely independent of the negligence claim against Brooks . . . and the doctrine of *Green* does not apply." (ECF No. 20 at p. 2.) "Plaintiff maintains that Pinnacle breached the terms of the contract in that the fertilizer and seed was not spread uniformly" and "ultimately breached its contract with Plaintiff because Plaintiff did not get what it bargained for, properly spread fertilizer and seed." (*Id.*) Plaintiff further states that "except for the negligent act of hiring a third party agent (Brooks) to spread the fertilizer . . . the negligence was performed by Brooks, not Pinnacle." (*Id.* at p. 2-3.)

---

[2] Defendant also cites *Thomas & Associates, Inc.*, No. M2001-00757-COA-R3-CV, 2003 WL 21302974 (Tenn. Ct. App. June 06, 2003) for the proposition that "a contract may [not] create a tortious duty of care." However, Defendant does not show how this supports its Motion to Dismiss Plaintiff's breach of contract claim.

5

The "gravamen of the action" analysis provided in *Green* is applicable in cases where the court is attempting to determine the applicable statute of limitations.[3] *Green*, 2001 WL 1660828 at *3 (quoting *Alexander v. Third Nat'l Bank*, 915 S.W.2d 797, 798 (Tenn. 1996)). In fact, the sole issue to be decided by the Tennessee Court of Appeals in *Green* was "whether the trial court erred by failing to dismiss [the] entire complaint as barred by the [personal injury] statute of limitations" rather than allowing it to proceed under the longer breach of contract statute of limitations. *Id.* at *2. Consequently, *Green* has no bearing on the issue now before this Court, as the applicable statute of limitations is not at issue. Therefore, the Court finds that Defendant Pinnacle's argument is without merit and holds that Plaintiff's breach of contract claim survives Defendant's Partial Motion to Dismiss.

## CONCLUSION

The Court finds that, at this stage, Plaintiff supports its breach of contract claim against Pinnacle with sufficient facts. Defendant Pinnacle's Motion is **DENIED**. Plaintiff never asserted a breach of contract claim against Brooks. Accordingly, Defendant Brooks' Motion is **DENIED** as moot. The causes of action still pending before the court in the above titled matter are as follows: the breach of contract claim and a negligence claim against Defendant Pinnacle and a negligence claim against Defendant Brooks.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 25, 2019.

---

[3] Under these circumstances, the Court finds Plaintiff's argument that *Green* "only applies if the same party that contracted with Plaintiff (Pinnacle) also performed the negligent act" unpersuasive. (*Id.* at p. 2.)